IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FARRAKHAN BEY, #153770** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. L-05-1460 |
| | : | |
| **ROBERT L. EHRLICH, GOVERNOR** | : | |
| **FRANK C. SIZER, COMMISSIONER** | : | |
| **JAMES PEGUESE, WARDEN** | : | |
| **WAYNE HILL, ASSIST. WARDEN** | : | |
| **MARY ANN SAAR, SECRETARY** | : | |
| **Defendants** | : | |

### **MEMORANDUM**

Pending is Plaintiff's pleading, entitled "Habeas Corpus Injunctive Relief from Audit Investigation Directly Held on My Personal Self Amnesty," which has been construed as a civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will, by separate Order, grant Plaintiff leave to file in forma pauperis and dismiss the action without prejudice.

### **I.    BACKGROUND**

On May 25, 2005, Plaintiff, presently incarcerated at the Maryland House of Correction Annex in Jessup, filed the above-described pleading, alleging that high ranking state officials, including prison administrators, are "chasing" him around his cell and entering his "neuro bowel system" using "amphibian stencils." He also claimed that unnamed female correctional officers are on the tier during shake-downs and have seen him naked.

### **II.    STANDARD OF REVIEW**

While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them. Beaudett v. City of Hampton, 775 F.2d 1274,

1277 (4th Cir. 1985).  Discretion has been granted to federal district judges under 28 U.S.C. § 1915 to screen out meritless cases filed by *pro se* plaintiffs.  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995).  Under Neitzke, a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact.  Neitzke, 490 U.S. at 325.  "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar."  Id. at 328.

### III.    ANALYSIS

Plaintiff's claim against the named state officials is delusional and must be dismissed pursuant to 42 U.S.C. § 1915(e).  His claim that female correctional officers, while actionable, cannot proceed unless Plaintiff (i) provides specific details of the incident(s), including date(s), time(s) and the individual(s) involved, and (ii) provides the $250 filing fee or an affidavit in support of a motion to proceed without prepayment of filing fees and costs.  Plaintiff may choose to file an action against specific female correctional officers by completing the appropriate forms, which are available from the Clerk.

### IV.    CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint will be dismissed without prejudice.

Dated this 7th day of June, 2005.

_____/s/_____
Benson Everett Legg
Chief Judge